## ESTATE OF DANIEL RIEGEL, DECEASED.

### APPEAL BY ACCOUNTANTS FROM THE ORPHANS' COURT OF SCHUYLKILL COUNTY.

Argued February 18, 1890—Decided March 3, 1890.

A rule of the Orphans' Court providing that, unless specially allowed for good cause, no exceptions to an auditor's report will be passed upon that were not filed before the auditor within a certain time after notice that his report is ready for filing, exceptions filed, not in compliance therewith, will not be considered by the court below nor by the Supreme Court on appeal.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 363 January Term 1889, Sup. Ct.; court below, number and term not given.

Opinion of Court below.

On January 23, 1886, Louis Riegel and Reuben Riegel, surviving executors of the will of Daniel Riegel, deceased, presented their second account, which, on exceptions filed, was referred to *Mr. R. H. Koch,* as auditor.

The auditor's first report was filed on September 5, 1887, but exceptions thereto being considered, the proceeding was re-committed to the auditor, who filed a supplementary report on October 29, 1888, under an agreement signed by counsel for contestants, as follows:

"And now, 29th October, 1888, the within report, it is agreed, shall be presented and confirmed nisi, the right to file exceptions before the auditor being waived, reserving the right to file exceptions in court for ten days after confirmation nisi."

On the same day the report was confirmed nisi.

Rule 42, of the court below, provides as follows:

"When the report of an auditor is ready for signing, five days notice thereof shall be given by him to the attorneys who appeared before him, in order that they may have an opportunity of excepting to the report. If exceptions be filed with the auditor, he may reconsider and amend the report, if he think necessary, otherwise the exceptions filed shall be annexed by him to his report; and no exceptions will be noticed by the court, unless specially allowed for good cause, that were not filed before the auditor."

Exceptions to the report of the auditor, filed on behalf of the accountants on November 8, 1888, being argued, the court, PERSHING, P. J., filed the following opinion:

The auditor reports that on October 22, 1888, he gave notice to the respective counsel who had appeared before him, that his report in the matter of the estate of Daniel Riegel, deceased, was ready for filing. Rule of Court 42, gave five days from that date for presenting exceptions to the auditor for his consideration. No exceptions were filed before him, although his report was placed in the possession of W. F. Shepherd, Esq., at the same date he was notified of its completion. The auditor waited till October 29th, and then filed his report. Mr. Shepherd, who represents the only contestants, appears to have filed exceptions with the clerk of the court on November 8, 1888. It is a part of the rule of court above referred to, that no

exceptions will be noticed by the court, unless specially allowed for good cause, that were not filed before the auditor. In this case, the exceptions were not specially allowed, nor does an examination of the auditor's report convince us that there is any good cause for their existence. Fairness to the auditor, (and to the court as well), required that he should have the opportunity of examining and reporting upon them, in the light of the voluminous evidence before him. And now, December 24, 1888, the report of the auditor is confirmed.

—The decree of confirmation, etc., having been entered, the accountants took this appeal, specifying the order overruling their exceptions and confirming the report of the auditor for error.

*Mr. W. F. Shepherd*, for the appellants.

*Mr. G. H. Gerber*, for the appellees, was not heard.

PER CURIAM:

The learned judge below has demonstrated that under their rule of court the appellants had no standing to file exceptions to the report of the auditor. This being so, they have no standing to appeal, and have nothing to appeal from.

> The decree is affirmed and the appeal dismissed at the costs of the appellants.